## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. Commodity Futures Trading Commission, ) | **05 CV 8446 (RMB) (MHD)** |
| Plaintiff, ) ) | **ECF CASE** |
| v. ) ) | **CONSENT ORDER OF** |
| International Currency Exchange, Inc., Michael ) Cottec, John Aucella, Eugene Aucella and ) Worldwide Clearing, LLC ) Defendants. ) ) | **PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST WORLDWIDE CLEARING, LLC** |

### I. BACKGROUND

1. On September 30, 2005, the Commodity Futures Trading Commission ("Commission") filed its Complaint against International Currency Exchange, Inc. ("ICE"), Michael Cottec ("Cottec"), John Aucella ("J. Aucella"), Eugene Aucella ("G. Aucella") and Worldwide Clearing, LLC ("Worldwide") seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended, 7 U.S.C. §§ 1 et. seq. (2002) (the "Act") and Commission Regulations promulgated thereunder, 17 C.F.R. §§ 1 et. seq. (2004).

2. On October 14, 2005, the Court entered an *Ex Parte* Statutory Restraining Order Freezing the Assets, Prohibiting the Destruction or Altering of any Books, Records, or other Documents, and for Expedited Asset Discovery, and an Order to Show Cause Why a Preliminary Injunction Should Not be Entered. On November 9, 2005, the Court entered an Order of Preliminary Injunction and Asset Freeze (not including Worldwide) that, among other things, enjoined Defendants from violating Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2002) and Commission Regulations 32.9(a) and (c), 17 C.F.R.§ 32.9(a) and (c) (2004).



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/07

## II. CONSENT AND AGREEMENT

Solely to effect settlement of the matters alleged in the Complaint in this action without a trial on the merits or any further judicial proceedings or presentation of evidence, Defendant Worldwide:

1. Consents to the entry of this Consent Order of Permanent Injunction and Other Equitable Relief (the "Consent Order").

2. Affirms that it has read and agreed to this Consent Order voluntarily, and that no threats, or promises other than as contained herein, have been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order, other than as set forth specifically herein.

3. Acknowledges service of the Summons and Complaint.

4. Admits that this Court has jurisdiction over it and the subject matter of this action pursuant to Sections 2(c) and 6c of the Act, 7 U.S.C. §§ 2(c)(2)(C), and 13a-1.

5. Admits that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002).

6. Waives:

   a. All claims which may be available under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504 (2002) and 28 U.S.C. § 2412 (2002), to seek costs, fees, and other expenses relating to, or arising from, this action;

   b. Any claim of double jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any relief; and

   c. Any rights of appeal from this Consent Order.

7. By consenting to the entry of this Consent Order, Worldwide neither admits nor denies the allegations of the Complaint or the Findings of Fact and Conclusions of Law contained in this Consent Order, except as to jurisdiction and venue. Worldwide consents to the entry of this Consent Order solely for the purpose of settling this case.

8. With respect to any bankruptcy proceeding relating to Worldwide or any proceeding to enforce this Consent Order, Worldwide agrees that the allegations of the Complaint and the findings in this Consent Order shall be taken as true and correct and be given preclusive effect, without further proof. Furthermore, Worldwide agrees to provide immediate notice to this Court and the Commission by certified mail of any bankruptcy proceeding filed by, on behalf of, or against it.

9. Worldwide agrees that neither it nor any of its agents, servants, employees, contractors, representatives under its authority or control or attorneys shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or contained in this Consent Order or creating, or tending to create, the impression that the Complaint or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect Worldwide's (a) testimonial obligations; or (b) right to take legal positions in other proceedings to which the Commission is not a party. Worldwide shall take all necessary steps to ensure that all of its agents, servants, employees, contractors, representatives under its authority or control and attorneys understand and comply with this agreement.

10. Worldwide waives any and all rights it may have arising out of the Fed. R. Civ. P. Rule 68 Offer of Judgment it served on the Commission in this case.

11. Worldwide consents to the continued jurisdiction of this Court solely for purposes of assuring compliance with the Consent Order.

## III. FINDINGS AND CONCLUSIONS

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay. The Court therefore directs, without a trial on the merits, the presentation of evidence, or any further judicial proceedings, the entry of findings of fact, conclusions of law, and a permanent injunction and ancillary equitable relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002), as set forth herein.

### A. Findings of Fact

#### 1. The Commodity Exchange Act

The Act and the Commission's Regulations establish a comprehensive system for regulating the purchase and sale of commodity futures contracts and commodity options. One of the primary purposes of the Act and Commission's Regulations is consumer protection.

#### 2. The Defendants

1. **International Currency Exchange, Inc.** was incorporated in Florida on November 4, 2004, and was located at 1280 SW 36th Avenue, Suite 303, Pompano Beach, Florida 33069. It was an introducing broker to Worldwide, a registered futures commission merchant ("FCM"). ICE was never registered with the Commission.

2. **Michael Cottec**, resides in Pompano Beach, Florida. He is listed with the Florida State Division of Corporations as the President of ICE.

3. **John Aucella**, resides in Pompano Beach, Florida. He is listed with the Florida State Division of Corporations as the Vice President of ICE. J. Aucella is not currently registered with the Commission, but was last registered in 1984 as an associated person of a registered FCM.

4.   **Eugene Aucella**, resides in Fort Lauderdale, Florida. He is listed with the Florida State Division of Corporations as the Secretary of ICE. G. Aucella is not currently registered with the Commission, but from 1982 through 1991 was registered as an associated person and branch manager of various entities, including registered FCMs and a registered commodity pool operator.

5.   **Worldwide Clearing LLC**, a registered FCM, was incorporated in Florida on May 4, 2004 and is located at 1700 NW 64th Street, Suite 100, Fort Lauderdale, Florida 33309. ICE entered into an Introducing Agreement with Worldwide on November 10, 2004 and terminated the agreement on July 8, 2005.

### 3.   ICE's Solicitation Fraud and Relationship with Worldwide

1.   From about November 2004 to about July 2005 (the "relevant period"), ICE, by and through its employees, solicited members of the retail public to invest in off-exchange options on foreign currency.

2.   J. Aucella, G. Aucella and Cottec were in charge of the day-to-day operations of ICE during the relevant time period.

4.   During the relevant period, ICE fraudulently solicited approximately $1.1 million from at least 117 customers.

5.   Virtually every ICE customer closed his/her account with ICE with a loss.

6.   ICE, by and through its employees, induced customers to invest with them by making false and misleading material representations during sales solicitation telephone calls to customers and potential customers.

7.   ICE, by and through its employees, knowingly or recklessly made materially false claims to customers and potential customers by: (1) misrepresenting the profit potential of

5

foreign currency options contracts; and (2) misrepresenting the risk involved in trading foreign currency options contracts. While making these material misrepresentations, ICE failed to disclose ICE's losing performance record.

8. As examples of ICE's misrepresentations made while soliciting prospective customers to invest in foreign currency options contracts with ICE, ICE employees:

- told a customer on several occasions that there was no way he could lose money, yet that customer lost his entire investment of over $27,000.
- assured a customer that he was going to make money and that "the Euro market was so strong that nothing could go wrong."
- told a customer that there was a unique opportunity to double and triple your money by investing in Euros
- told a customer that ICE had made money for its clients and ICE was making upward of 100% returns for its customers.
- told a customer that you would "at least make $7000-$8000 in profits by investing $10,000 with ICE."

9. During the sales solicitations, ICE, by and through its employees, also routinely failed to disclose adequately the risk of loss inherent in trading foreign currency options.

10. ICE, by and through its employees, failed to disclose the firm's losing track record when soliciting customers and misrepresenting the profit potential and risks involved in trading foreign currency options.

11. ICE, by and through its employees, intentionally made these material misrepresentations and omissions in order to induce individuals to invest funds for purposes of trading foreign currency options and to obtain commissions from the trading of those funds.

12. ICE customers relied on the material misrepresentations and omissions of ICE, by and through its employees, in making their decision to invest with ICE.

13. The fraud by ICE, by and through its employees, resulted directly in substantial losses to investors and ill-gotten gains to ICE.

14.   Pursuant to their Introducing Agreement and course of conduct, ICE acted as Worldwide's agent in soliciting customers to open accounts with Worldwide for the purpose of speculating in foreign currency options

**B.   Conclusions of Law**

1.   This Court has jurisdiction over the subject matter of this action and all parties hereto pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2.   Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), in that the defendants are found in, inhabit, or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

3.   This Court has personal jurisdiction over Worldwide, which acknowledges service of the Complaint and consents to the Court's jurisdiction over it.

4.   The Commission and Worldwide have agreed to this Court's continuing jurisdiction for the purpose of enforcing the terms of this Consent Order and for all other purposes related to this action.

5.   By the conduct described in the Findings of Fact, ICE, by and through its employees, for which it is liable pursuant to 7 U.S.C. § 2(a)(1)(B), committed fraudulent acts and thereby violated Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and Commission Regulations 32.9(a) and (c), 17 C.F.R. §§ 32.9(a) and (c).

9. By the conduct described in the Findings of Fact, Worldwide is liable, pursuant to 7 U.S.C. § 2(a)(1)(B), for ICE's fraudulent acts and violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and Commission Regulations 32.9(a) and (c), 17 C.F.R. §§ 32.9(a) and (c).

## IV. ORDER OF PERMANENT INJUNCTION

**NOW THEREFORE, IT IS ORDERED THAT:**

1. Worldwide is permanently restrained, enjoined and prohibited from directly or indirectly cheating or defrauding or attempting to cheat or defraud any persons; or deceiving or attempting to deceive any person by any means whatsoever, in or in connection with an offer to enter into, the entry into, or the confirmation of the execution of any commodity option transaction, including options transactions in foreign currency subject to the Commission's jurisdiction set forth herein in violation of Section 4c(b) of the Act and Commission Regulations 32.9(a) and (c).

2. Worldwide is permanently prohibited from engaging, directly or indirectly, in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4) ("commodity interest"), including but not limited to, the following:

   a. trading on or subject to the rules of any registered entity, at that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29);

   b. engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

   c. soliciting or accepting any funds from any person in connection with the purchase or sale of any commodity interest;

   d. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9) (2004), or

8

    acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9) (2004);

  e. entering into any commodity interest transactions for his own personal account, for any account in which he has a direct or indirect interest and/or having any commodity interests traded on his behalf; and

  f. engaging in any business activities related to commodity interest trading.

2. The injunctive provisions of this Consent Order shall be binding on Worldwide, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Worldwide, and upon any person who receives actual notice of this Consent Order by personal service or otherwise insofar as he or she is acting in active concert or participation with Worldwide.

## V.  RESTITUTION, CIVIL MONETARY PENALTY, AND EQUITABLE RELIEF

**IT IS FURTHER ORDERED THAT:**

### A.  RESTITUTION

1. Upon entry of this Consent Order, Worldwide shall pay restitution in the amount of $670,000.00, plus pre-judgment interest and post-judgment interest.

2. The amount of restitution assessed against Worldwide represents a portion of the amount of funds invested by ICE's customers. Worldwide shall be credited against its restitution obligation, dollar for dollar, for any restitution payments made by ICE, Cottec, J. Aucella, and/or G. Aucella (collectively, the "ICE Defendants") pursuant to any restitution order entered this action. Conversely, any restitution order entered in this action against the ICE Defendants shall be credited, dollar for dollar, for payments made by Worldwide in satisfaction of its restitution obligation as set forth in this Consent Order.

3. Pre-judgment interest from November 2004 to the date of this Consent Order shall be determined by the Internal Revenue Service by using the underpayment rate established quarterly by the Internal Revenue Service pursuant to 26 U.S.C. § 662(a)(2). Post-judgment interest shall accrue beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

4. Appointment of Monitor: To effect payment of restitution by Worldwide and distribution of restitution to ICE's customers, the Court appoints Daniel Driscoll of the National Futures Association as Monitor ("Monitor"). The Monitor shall collect restitution payments from Worldwide, compute pro rata allocations to injured customers and make distributions as set forth below. As the Monitor is not being specially compensated for these services, and these services are outside the normal duties of the Monitor, he shall not be liable for any action or inaction arising from his appointment as Monitor, other than actions involving fraud.

5. Worldwide shall make restitution payments under this Consent Order in the name "ICE Restitution Fund" and shall send such restitution payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to Daniel Driscoll, Monitor, National Futures Association, 200 W. Madison St., #1600, Chicago, IL 60606-3447 under a cover letter that identifies Worldwide and the name and docket number of the proceeding. Worldwide shall simultaneously transmit a copy of the cover letter and the form of payment to the Chief, Office of Cooperative Enforcement, Division of Enforcement, Commodity Futures Trading Commission, at the following address: Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581.

6.  The Monitor shall oversee Worldwide's restitution obligation, and shall have discretion to determine the manner for distribution of funds in an equitable fashion to customers of ICE., The Commission shall cooperate with the Monitor as appropriate to provide such information as the NFA deems necessary and appropriate to identify ICE customers for the Monitor to include in any plan for distribution of any Restitution payments.

### B.  CIVIL MONETARY PENALTY

1.  Upon entry of this Consent Order, Worldwide shall pay to the Commission a civil monetary penalty in the amount of one hundred and thirty thousand dollars ($130,000), plus post-judgment interest.

2.  Post-judgment interest shall accrue beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order, pursuant to 28 U.S.C. § 1961.

3.  Worldwide shall pay this civil monetary penalty by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> Attn: Marie Bateman – AMZ-300
> DOT/FAA/MMAC
> 6500 S. MacArthur Blvd.
> Oklahoma City, Oklahoma 73169
> Telephone: 405-954-6569

If payment is to be made by electronic funds transfer, Worldwide shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Worldwide shall accompany payment of the penalty with a cover letter that

identifies Worldwide and the name and docket number of the proceedings. Worldwide shall simultaneously transmit copies of the cover letter and the form of payment to the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581, and the Chief, Office of Cooperative Enforcement, at the same address.

**C.    PRIORITY OF MONETARY SANCTIONS AND PARTIAL PAYMENTS**

1.   All payments by Worldwide pursuant to this Consent Order shall first be applied to satisfaction of its restitution obligation. After satisfaction of its restitution obligation, payments by Worldwide pursuant to this Order shall be applied to satisfy Worldwide's civil monetary penalty obligation.

2.   Any acceptance by the Commission and/or Monitor of partial payment of Worldwide's restitution obligation and/or civil monetary penalty shall not be deemed a waiver of the respective requirement to make further payments pursuant to this Consent Order, or a waiver of the Commission's and/or Monitor's right to seek to compel payment of any remaining balance.

**D.    EQUITABLE RELIEF PROVISIONS**

The equitable relief provisions of this Consent Order shall be binding upon Worldwide and any person who is acting in the capacity of officer, agent, employee, servant or attorney of Worldwide, and any person acting in active concert or participation with Worldwide who receives actual notice of this Consent Order by personal service or otherwise.

**VI.    MISCELLANEOUS PROVISIONS**

1.   NOTICES. All notices required by this Consent Order shall be sent by certified mail, return receipt requested, as follows:

    a.   Notice to Plaintiff Commission:

>           Nathan B. Ploener, Esquire
>           Senior Trial Attorney
>           Division of Enforcement
>           Commodity Futures Trading Commission
>           140 Broadway, 19th Floor
>           New York, NY 10005
>
>   b.      Notice to the Restitution Monitor:
>           Daniel Driscoll
>           National Futures Association
>           200 West Madison Street
>           Chicago, IL 60606
>
>   c.      Notice to Defendant Worldwide Clearing, LLC
>           c/o Francisco O. Sanchez, Esquire
>           HomerBonner
>           Four Seasons Tower
>           1441 Brickell Avenue
>           Miami, Florida 33131

2. ENTIRE AGREEMENT, AMENDMENTS AND SEVERABILITY. This Consent Order incorporates all of the terms and conditions of the settlement among the parties. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (1) reduced to writing, (2) signed by all parties, and (3) approved by order of the Court. If any provision of this Consent Order or the application of any provision or circumstance is held invalid, the remainder of this Consent Order shall not be affected by the holding.

3. SUCCESSORS AND ASSIGNS. This Order shall inure to the benefit of and be binding on the parties' successors, assigns, heirs, beneficiaries and administrators.

4. COUNTERPARTS. This Order may be executed by the parties in counterparts and by facsimile.

5. JURISDICTION. This Court shall retain jurisdiction of this matter to assure compliance with this Consent Order and for all other purposes related to this action.

6. **AUTHORITY:** Sulaiman Husain hereby warrants that he is the Chief Financial Officer of Worldwide and that this Consent Order has been duly authorized by Worldwide and he has been duly empowered to sign and submit it on behalf of Worldwide.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter forthwith this Consent Order of Permanent Injunction and Other Equitable Relief.

Done and ordered on this 14th day of Sept, 2007, at New York, New York

RICHARD M. BERMAN
United States District Judge
Southern District of New York

Consented to and approved for entry by:

Dated: July 31, 2007

Approved as to Form
Francisco O. Sanchez, Esquire
HomerBonner
Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Attorneys for Defendant Worldwide Clearing, LLC

Dated: July ___, 2007

Sulaiman Husain on behalf of Defendant
Worldwide Clearing, LLC

Dated: ~~July~~ September ___, 2007

Nathan B. Ploener [NP 9459]

14

Senior Trial Attorney
Manal Sultan [MS 8068]
Chief Trial Attorney
U.S. COMMODITY FUTURES TRADING
COMMISSION
140 Broadway, 19th Floor
New York, New York 10005
Attorneys for Plaintiff

15