## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. Commodity Futures Trading Commission, ) | 05 CV 8446 (RMB) |
| ) | |
| Plaintiff, ) | ECF CASE |
| ) | |
| v. ) | **CONSENT ORDER OF** |
| ) | **PERMANENT INJUNCTION** |
| International Currency Exchange, Inc., Michael ) | **AND OTHER EQUITABLE RELIEF** |
| Cottec, John Aucella, Eugene Aucella and ) | **AGAINST INTERNATIONAL** |
| Worldwide Clearing, LLC ) | **CURRENCY EXCHANGE, INC.,** |
| Defendants. ) | **JOHN AUCELLA, EUGENE** |
| ) | **AUCELLA AND MICHAEL** |
| | **COTTEC** |

## I.   BACKGROUND

On September 30, 2005, the Commodity Futures Trading Commission ("Commission")

filed its Complaint against International Currency Exchange, Inc. ("ICE"), Michael Cottec

("Cottec"), John Aucella (J. Aucella"), Eugene Aucella ("G. Aucella") and Worldwide Clearing,

LLC ("Worldwide") seeking injunctive and other equitable relief for violations of the

Commodity Exchange Act as amended 7 U.S.C. §§ 1 et. seq. (2002) (the "Act") and Commission

Regulations promulgated thereunder, 17 C.F.R. §§ 1 et. seq. (2004).  On October 14, 2005, the

Court entered an *Ex Parte* Statutory Restraining Order Freezing the Assets, Prohibiting the

Destruction or Altering of any Books, Records, or other Documents, and for Expedited Asset

Discovery, and an Order to Show Cause Why a Preliminary Injunction Should Not be Entered.

On November 9, 2005, the Court entered an Order of Preliminary Injunction and Asset Freeze

which among other things, enjoined Defendants from violating Section 4c(b) of the Act, 7 U.S.C.

§ 6c(b) (2002) and Commission Regulations 32.9(a) and (c), 17 C.F.R.§ 32.9(a) and (c) (2004).

USDC SDNY
DOCUMENT
ELECTRONICALLY  FILED
DOC #:
DATE FILED: 9/14/07

1

II.   **CONSENT AND AGREEMENT**

To effect settlement of the matters alleged in the Complaint in this action without a trial

on the merits or any further judicial proceedings or presentation of additional evidence,

Defendants ICE, J. Aucella, G. Aucella and Cottec (collectively "Settling Defendants"):

1.      Consent to the entry of this Consent Order of Permanent Injunction and Other

Equitable Relief ("Order").

2.      Affirm that they have read and agreed to this Order voluntarily, and that no

threats, or promises other than as contained herein, have been made by the Commission or any

member, officer, agent or representative thereof, or by any other person, to induce consent to this

Order, other than as set forth specifically herein.

3.      Acknowledge service of the Summons and Complaint.

4.      Admit that this Court has jurisdiction over them and the subject matter of this

action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002) and Section 2(c) of the Act, 7

U.S.C. § 2(c)(2)(C).

5.      Admit that venue properly lies with this Court pursuant to Section 6c of the Act, 7

U.S.C. § 13a-1 (2002).

6.      Waive:

a.      All claims which may be available under the Equal Access to Justice Act,

5 U.S.C. § 504 (2002) and 28 U.S.C. § 2412 (2002) to seek costs, fees, and other expenses

relating to, or arising from, this action;

b.      Any claim of double jeopardy based upon the institution of this

proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any

relief; and

2

c.    Any rights of appeal from this Order.

7.    By consenting to the entry of this Order, Settling Defendants neither admit nor deny the allegations of the Complaint or the Findings of Fact and Conclusions of Law contained in this Order, except as to jurisdiction and venue. Settling Defendants consent to the entry of this Consent Order solely for the purpose of settling this case.

8.    With respect to any bankruptcy proceeding relating to Settling Defendants or any proceeding to enforce this Order, Settling Defendants agree that the allegations of the Complaint and the findings in this Order shall be taken as true and correct and be given preclusive effect, without further proof. Furthermore, Settling Defendants agree to provide immediate notice to this Court and the Commission by certified mail of any bankruptcy proceeding filed by, on behalf of, or against them, individually or collectively.

9.    Settling Defendants agree that neither they nor any of their agents, servants, employees, contractors, representatives under their authority or control or attorneys shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or contained in this Order or creating, or tending to create, the impression that the Complaint or this Order is without a factual basis; provided, however, that nothing in this provision shall affect Settling Defendants' (a) testimonial obligations; or (b) right to take legal positions in other proceedings to which the Commission is not a party. Settling Defendants shall take all necessary steps to ensure that all of their agents, servants, employees, contractors, representatives under their authority or control and attorneys understand and comply with this agreement.

10.    Settling Defendants consent to the continued jurisdiction of this Court in order to implement and carry out the terms of all orders and decrees that may be entered herein, to

entertain any suitable application or motion for additional relief within the jurisdiction of this

Court, and to assure compliance with the Order or for any purpose relevant to this case even if

Settling Defendants now or in the future reside outside the jurisdiction.

## III.   FINDINGS AND CONCLUSIONS

The Court, being fully advised in the premises, finds that there is good cause for the entry

of this Consent Order and that there is no just reason for delay. The Court therefore directs,

without presentation of additional evidence, the entry of findings of fact, conclusions of law, and

a permanent injunction and ancillary equitable relief pursuant to Section 6c of the Act, 7 U.S.C.

§ 13a-1 (2002), as set forth herein.

### A.      Findings of Fact

**The Commodity Exchange Act**

The Commodity Exchange Act, as amended, 7 U.S.C. § 1 *et seq.* (2002), and the

Commodity Futures Trading Commission's Regulations, 17 C.F.R. § 1.1 *et seq.* (2005), establish

a comprehensive system for regulating the purchase and sale of commodity futures contracts and

commodity options. One of the primary purposes of the Act and Regulations is consumer

protection.

**International Currency Exchange, Inc.** was incorporated in Florida on November 4,

2004, and was located at 1280 SW 36th Avenue, Suite 303, Pompano Beach, Florida 33069. It

was an introducing broker to Worldwide Clearing LLC, a registered futures commission

merchant ("FCM"). ICE was never registered with the Commission.

**Michael Cottec**, resides in Pompano Beach, Florida. He is listed with the Florida State

Division of Corporations as the President of ICE.

4

**John Aucella**, resides in Pompano Beach, Florida. He is listed with the Florida State Division of Corporations as the Vice President of ICE. J. Aucella is not currently registered with the Commission, but was last registered in 1984 as an associated person of a registered FCM.

**Eugene Aucella**, resides in Fort Lauderdale, Florida. He is listed with the Florida State Division of Corporations as the Secretary of ICE. G. Aucella is not currently registered with the Commission, but from 1982 through 1991 was registered as an associated person and branch manager of various entities, including registered FCMs and a registered commodity pool operator.

**Solicitation Fraud of ICE**

1.      From at least November 2004 to at least July 2005 (the "relevant period"), ICE, by and through its employees, solicited members of the retail public to buy and sell off-exchange options on foreign currency.

2.      J. Aucella , G. Aucella and Cottec were in charge of the day-to-day operations of ICE during the relevant time period.

3.      ICE, by and through its employees, aggressively solicited prospective customers through cold-calling. Once contact was made, ICE pursued the prospective customer with persistent phone calls and other high pressure sales techniques, often stressing the immediacy of their decision to open an account with ICE

4.      During the relevant period, ICE fraudulently solicited approximately $1.1 million from at least 117 customers.

5.      Every ICE customer (except one) closed his/her account with ICE with a loss, while ICE generated at least $550,000 in commissions and fees.

6.      ICE, by and through its employees, induced customers to invest with them by making false and misleading material representations during sales solicitation telephone calls to customers and potential customers.

7.      ICE, by and through its employees, knowingly or recklessly made materially false claims to customers and potential customers by: (1) misrepresenting the profit potential of foreign currency options contracts; and (2) misrepresenting the risk involved in trading foreign currency options contracts. While making these material misrepresentations, ICE failed to disclose ICE's losing performance record.

8.      As examples of ICE's misrepresentations made while soliciting prospective customers to invest in foreign currency options contracts with ICE, ICE employees:

- told a customer that "[t]his opportunity was going to be a homerun even though there is some risk involved."
- told a customer on several occasions that there was no way he could lose money, yet that customer lost his entire investment of over $27,000.
- assured a customer that he was going to make money and that "the Euro market was so strong that nothing could go wrong."
- told a customer that there was a unique opportunity to double and triple your money by investing in Euros and to make approximately $90,000 and that ICE made its customers money every day, and that he had his own money invested.
- told a customer that ICE had made money for its clients and ICE was making upward of 100% returns for its customers.
- told a customer that you would "at least make $7000-$8000 in profits by investing $10,000 with ICE."
- told a customer that "the Euro market was moving in [his] favor which was an opportunity to double or triple your money within a few weeks if you invest an additional $20,000."
- told a customer that he could double or triple your investment in three months.

9.      During the sales solicitations, ICE, by and through its employees, also routinely failed to disclose adequately the risk of loss inherent in trading foreign currency options. Their occasional references to risk were nullified when ICE employees urged customers to invest immediately and falsely represented that while losses on foreign currency options are

6

theoretically possible, trading foreign currency options with ICE was highly profitable and virtually risk-free.

10.    ICE, by and through its employees, failed to disclose the firm's losing track record when soliciting customers and misrepresenting the profit potential and risks involved in trading foreign currency options.

11.    ICE, by and through its employees, intentionally made these material misrepresentations and omissions in order to induce individuals to invest funds for purposes of trading foreign currency options and to obtain commissions from the trading of those funds.

12.    ICE customers relied on the material misrepresentations and omissions of ICE, by and through its employees, in making their decision to invest with ICE.

13.    The fraud by ICE, by and through its employees, resulted directly in substantial losses to investors and ill-gotten gains to ICE.

**J. Aucella, G. Aucella and Cottec Were Controlling Persons of ICE, and Failed to Act in Good Faith and Knowingly Induced the Fraud by ICE, By and Through Its Employees**

14.    J. Aucella was the Vice President of ICE and it was his idea to start and open the company. He secured the office space, recruited potential employees, interviewed applicants, and made hiring and firing decisions. J. Aucella negotiated ICE's Introducing Agreement with Worldwide and reviewed account opening documents. He was also responsible for purchasing the leads that provided the telephone numbers of prospective customers, supervising the sales calls made by ICE employees, approving all trades that employees made on behalf of ICE customers, and reviewing the daily equity runs, which reflected the consistent and massive losses in customer accounts.

15.    G. Aucella was the Secretary of ICE. G. Aucella interviewed potential employees, had the authority to hire and fire employees, supervised the employees that solicited

customers, reviewed customers' account opening documents and contractual agreements on behalf of ICE, and reviewed the daily equity runs, which reflected consistent and massive customer losses. G. Aucella and J. Aucella provided portions of the equity runs that related to the brokers' customer accounts to the ICE brokers.

16.    Cottec was the President of ICE. Cottec distributed the leads that provided the potential customer's name and telephone number to ICE brokers in order to conduct their solicitation, and monitored the ICE brokers during their sales solicitations. Cottec was present at the office daily and was present for ICE's evening hours of operations. Cottec also had the power to, and did in fact fire employees. Cottec, along with J. Aucella, was one of the original signatories on the ICE bank account at Wachovia.

17.    J. Aucella left ICE in April 2005 at which time G. Aucella assumed all of J. Aucella's responsibilities. G. Aucella was then added as a signatory to ICE's bank account at Wachovia Bank.

18.    In their role as controlling persons, J. Aucella, G. Aucella and Cottec:

- did not compile or disclose to customers information regarding the losing trading history of ICE customers; and

- failed to ensure that ICE employees did not make material misrepresentations to customers and potential customers and that employees disclosed ICE's losing track record, despite monitoring these solicitations.

19.    Based on J. Aucella's, G. Aucella's and Cottec's active involvement in the operations of and presence at ICE, as described in these findings, J. Aucella, G. Aucella and Cottec had actual or constructive knowledge of the fraudulent solicitation practices of ICE employees.

20.     In acting as controlling persons of ICE, J. Aucella, G. Aucella and Cottec either failed to act in good faith or knowingly induced, directly or indirectly, the acts constituting the violations found herein.

**G. Aucella and J. Aucella Willfully Aided and Abetted ICE's Violations of the Act**

21.     In addition to being involved with the business and management side of ICE, both J. Aucella and G. Aucella willfully aided and abetted ICE's solicitation fraud by directing the daily activities of the brokers of ICE.

22.     J. Aucella and G. Aucella ran the morning meetings, which entailed discussing the daily trading strategy, conducted bi-weekly training sessions for brokers that included how to conduct their sales solicitation and presentation, supervised the brokers during their calls to ensure they were presenting the company as directed, and approved all trades made by ICE.

23.     J. Aucella and G. Aucella knew about and participated in ICE's fraudulent solicitation.

24.     J. Aucella and G. Aucella called customers on the telephone and convinced them to invest with ICE.

25.     J. Aucella's and G. Aucella's orchestration of, and active participation in, ICE's solicitation scheme establish that they intended to assist ICE in fraudulently soliciting customers.

**B.     Conclusions of Law**

1.     This Court has jurisdiction over the subject matter of this action and all parties hereto pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2.     Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), in that the defendants are found in, inhabit, or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

3.     This Court has personal jurisdiction over Settling Defendants, who acknowledge service of the Complaint and consent to the Court's jurisdiction over them.

4.     The Commission and Settling Defendants have agreed to this Court's continuing jurisdiction over each of them for the purpose of enforcing the terms of this Order and for all other purposes related to this action.

5.     By the conduct described in paragraphs 1-25 of the Findings of Fact, ICE, by and through its employees, for which it is liable pursuant to 7 U.S.C. § 2(a)(1)(B), committed fraudulent acts and thereby violated Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and Commission Regulations 32.9(a) and (c), 17 C.F.R. §§ 32.9(a) and (c).

6.     By the conduct described in paragraphs 1-25 of the Findings of Fact, J. Aucella, G. Aucella and Cottec directly or indirectly controlled ICE, and failed to act in good faith or knowingly induced, directly or indirectly, the violations of ICE.  Therefore, pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b) (2002), J. Aucella, G. Aucella and Cottec are liable for ICE's violations of Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and Commission Regulations 32.9(a) and (c), 17 C.F.R. §§ 32.9(a) and (c).

7.     By the conduct described in paragraphs 21 - 25 of the Findings of Fact, J. Aucella and G. Aucella willfully aided and abetted ICE's violations of Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and Commission regulations 32.9(a) and (c).  Therefore, J. Aucella and G. Aucella are liable for these violations pursuant to Section 13(a) of the Act, 7 U.S. C. § 13c(b).

8.     By the conduct described in paragraphs 1-25 of the Findings of Fact, ICE, by and through its employees, acted with scienter.

9.     As demonstrated by the conduct described in paragraphs 1-25 of the Findings of Fact, unless enjoined, Settling Defendants are likely to commit future violations of the Act.

## IV.     ORDER OF PERMANENT INJUNCTION

**NOW THEREFORE, IT IS ORDERED THAT:**

1.     Settling Defendants are permanently restrained, enjoined and prohibited from directly or indirectly:

a.     cheating or defrauding or attempting to cheat or defraud any persons; or deceiving or attempting to deceive any person by any means whatsoever, in or in connection with an offer to enter into, the entry into, or the confirmation of the execution of any commodity option transaction, including options transactions in foreign currency subject to the Commission's jurisdiction set forth herein in violation of Section 4c(b) of the Act and Commission Regulations 32.9(a) and (c);

b.     offering to enter into, entering into, executing, confirming the execution of, or conducting business for the purpose of soliciting, accepting any order for, or otherwise dealing in any transaction in, or in connection with, a commodity option contrary to any rule, regulation, or order of the Commission prohibiting any such transaction or allowing any such transaction under such terms and conditions as the Commission shall prescribe, in violation of Section 4c(b) of the Act;

c.     making sales solicitations to customers or prospective customers that:
   i. misrepresent the profit potential in foreign currency option trading;
   ii. omit the actual track record of the broker or firm or customers;
   iii. omit or downplay the risk involved in foreign currency option trading; or

11

        iv. omit any material fact necessary to make other facts disclosed not misleading.

2.      Settling Defendants are permanently restrained, enjoined and prohibited, from directly or indirectly:

      a.      Trading on or subject to the rules of any registered entity, as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29);

      b.      Soliciting, receiving, or accepting any funds in connection with the purchase or sale of any futures contract or option on a futures contract;

      c.      Engaging in, controlling or directing the trading for any commodity futures, security futures, options on futures, foreign currency futures, options on foreign currency futures or options on foreign currency accounts for or on behalf of any other person or entity, whether by power of attorney or otherwise; and

      d.      Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2004), or acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9) (2004). This includes, but is not limited to, soliciting, accepting or receiving any funds, revenue or other property from any person, giving commodity trading advice for compensation, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9) (2004), or soliciting prospective customers, related to the purchase or sale of any commodity futures, security futures, options on futures, foreign currency futures, options on foreign currency futures or options on foreign currency.

3.      The injunctive provisions of this Order shall be binding on Settling Defendants, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Settling Defendants, and upon any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in active concert or participation with Settling Defendants.

## V.   RESTITUTION, CIVIL MONETARY PENALTY, AND EQUITABLE RELIEF

With the parties consent, **NOW THEREFORE, IT IS ORDERED THAT:**

Settling Defendants shall comply fully with the following terms, conditions and obligations relating to the payment of restitution, the payment of a civil monetary penalty, and the submission of financial information.  The equitable relief provisions of this Consent Order shall be binding upon Settling Defendants and any person who is acting in the capacity of officer, agent, employee, servant, or attorney of Settling Defendants, and any person acting in active concert or participation with Settling Defendants and those equitable relief provisions that relate to restitution shall be binding on any financial institutions listed herein or holding frozen funds or assets of the Settling Defendants, who receives actual notice of this Consent Order by personal service or otherwise.

### A.      RESTITUTION

1.      **IT IS HEREBY ORDERED THAT** ICE shall make restitution in the amount of $1,100,000.00, plus pre-judgment interest and post-judgment interest.  J. Aucella shall be jointly and severally liable for $250,000 of ICE's restitution liability, plus pre-judgment interest and post judgment interest.  G. Aucella shall be jointly and severally liable for $250,000 of ICE's restitution liability, plus pre-judgment interest and post judgment interest.  Cottec shall be jointly

13

and severally liable for $200,000 of ICE's restitution liability, plus pre-judgment interest and post judgment interest. Restitution shall be paid within ten days of entry of this Order.

2.    The amount of restitution assessed against ICE represents the amount of funds invested by customers of ICE as identified in Exhibit A, attached hereto and filed under seal. Omission of any investor from Exhibit A shall in no way limit the ability of such investor from seeking recovery. Further, the amounts payable to each investor identified in Exhibit A shall not limit the ability of any investor from proving that a greater amount is owed from Settling Defendants or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any investor that exist under state or common law. Pre-judgment interest from November 2004 to the date of this Order shall be determined by the Internal Revenue Service by using the underpayment rate established quarterly by the Internal Revenue Service pursuant to 26 U.S.C. § 662(a)(2). Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of this Order pursuant to 28 U.S.C. § 1961.

3.    <u>Appointment of Monitor:</u>  To effect payment of restitution by Settling Defendants and distribution of restitution to Settling Defendants' customers, the Court appoints Daniel Driscoll of the National Futures Association as Monitor ("Monitor"). The Monitor shall collect restitution payments from Defendants, compute pro rata allocations to injured customers identified in Exhibit A to this Consent Order, and make distributions as set forth below. As the Monitor is not being specially compensated for these services, and these services are outside the normal duties of the Monitor, he shall not be liable for any action or inaction arising from his appointment as Monitor, other than actions involving fraud.

4.      Restitution payments under this Order shall be made to the National Futures

Association ("NFA") by electronic funds transfer, or by U.S. postal money order, certified check,

bank cashier's check, or bank money order, made payable to the ICE Restitution Fund and sent

to Daniel Driscoll, Monitor, National Futures Association, 200 W. Madison St., #1600, Chicago,

IL 60606-3447 under a cover letter that identifies the paying defendants and the name and docket

number of the proceeding. Settling Defendants shall simultaneously transmit a copy of the cover

letter and the form of payment to Office of Cooperative Enforcement, Division of Enforcement,

Commodity Futures Trading Commission, at the following address: Three Lafayette Centre,

1155 21st Street, N.W., Washington, D.C. 20581. The NFA shall oversee Settling Defendants'

restitution obligation and shall make periodic distributions of funds to investors as appropriate.

Based upon the amount of funds available, the NFA may defer distribution until such time as it

deems appropriate. Restitution payments shall be made in an equitable fashion as determined by

the NFA to the persons identified on Exhibit A.

**B.    CIVIL MONETARY PENALTY**

ICE shall pay to the Commission a civil monetary penalty in the amount of $550,000.00,

plus post-judgment interest pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1. J. Aucella shall

pay to the Commission a civil monetary penalty in the amount of $180,000.00, plus post-

judgment interest pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1. G. Aucella shall pay to

the Commission a civil monetary penalty in the amount of $180,000.00, plus post-judgment

interest pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1. Cottec shall pay to the Commission

a civil monetary penalty in the amount of $140,000.00, plus post-judgment interest pursuant to

Section 6c of the Act, 7 U.S.C. § 13a-1. The civil monetary penalty obligations shall be paid

within ten days of entry of this Order. All payments by Settling Defendants shall be applied to

15

their respective restitution obligations under this Order until all respective restitution obligations have been paid in full. Upon full payment of their respective restitution obligations, all payments by Settling Defendants will be applied to their respective civil monetary penalty obligations under this Order. Settling Defendants shall pay this penalty by making electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order made payable to the CFTC and sent to the attention of the Commodity Futures Trading Commission, Division of Enforcement, ATTN: Marie Batement - AMZ-300, DOT/FAA/MMAC, 6500 S. Macarthur Blvd., Oklahoma City, OK 73169. If payment by electronic transfer is chosen, contact Marie Bateman at 405-954-6569 for instructions. Settling Defendants shall accompany payment of the penalty with a cover letter that identifies the paying defendant, and the name and docket number of this proceeding. Settling Defendants shall simultaneously transmit a copy of the cover letter and the form of payment to the Office of Cooperative Enforcement, Division of Enforcement, CFTC, 1155 21st N.W., Washington, D.C. 20581.

## VI.   **MISCELLANEOUS PROVISIONS**

1.   NOTIFICATION OF FINANCIAL INSTITUTIONS. Within thirty (30) days of receiving this Consent Order, each financial institution listed below shall liquidate and release any and all funds held by ICE, J. Aucella, G. Aucella and Cottec and convey the funds, by wire transfer, to an account designated by the Monitor, less any bank wire or administrative fees. The transfer of such funds held by the Settling Defendants represents an offset to the restitution amounts owed by ICE, J. Aucella, G. Aucella and Cottec pursuant to this Order. At no time during the release, liquidation or wire of the funds shall Settling Defendants be given access to, or be provided with, any funds from these accounts. Settling Defendants and the financial

16

institutions listed below shall cooperate fully and expeditiously with the Commission and

Restitution Monitor in the liquidation and transfer of funds. The accounts to be liquidated,

released, and transferred are:

      TD Banknorth Accounts: (G. Aucella) 8242119043, 887810331

      Wachovia Accounts:   (G. Aucella) 1010098706898, (ICE) 2000021352515

    2.     <u>ASSET FREEZE</u> Upon entry of this Consent Order, the remaining portions of the

restriction against transfer, dissipation, and disposal of assets detailed in the Court's October 14,

2005 *Ex Parte* Statutory Restraining Order, Order Permitting Expedited Discovery and Order to

Show Cause Re: Preliminary Injunction and the Court's November 9, 2005 Order Granting

Preliminary Injunction and Other Equitable Relief shall be dissolved.

    3.     <u>NOTICES.</u> All notices required by this Consent Order shall be sent by certified

mail, return receipt requested, as follows:

        a.     Notice to Plaintiff Commission:
               Nathan B. Ploener, Esquire
               Senior Trial Attorney
               Division of Enforcement
               Commodity Futures Trading Commission
               140 Broadway, 19th Floor
               New York, NY 10005

        b.     Notice to the Restitution Monitor:
               Daniel Driscoll
               National Futures Association
               200 West Madison Street
               Chicago, IL 60606

        c.     Notice to Defendants ICE, J. Aucella and G. Aucella
               c/o Carl F. Schoeppl, Esquire
               Schoeppl & Burke, P.A.
               4651 North Federal Highway
               Boca Raton, FL 33431-5133

        d.     Notice to Defendant Michael Cottec
               c/o Vivian R. Drohan, Esquire
               Drohan & Drohan LLP
               One Penn Plaza, 24th Floor
               New York, NY 10119

4.    ENTIRE AGREEMENT, AMENDMENTS AND SEVERABILITY.  This Order incorporates all of the terms and conditions of the settlement among the parties.  Nothing shall serve to amend or modify this Order in any respect whatsoever, unless:  (1) reduced to writing, (2) signed by all parties, and (3) approved by order of the Court.  If any provision of this Order or the application of any provision or circumstance is held invalid, the remainder of this Order shall not be affected by the holding.

5.    SUCCESSORS AND ASSIGNS.  This Order shall inure to the benefit of and be binding on the parties' successors, assigns, heirs, beneficiaries and administrators.

6.    COUNTERPARTS.  This Order may be executed by the parties in counterparts and by facsimile.

7.    JURISDICTION.  This Court shall retain jurisdiction of this matter to assure compliance with this Order and for all other purposes related to this action.

8.    AUTHORITY:  Eugene Aucella hereby warrants that he is the Secretary of ICE and that this Consent Order has been duly authorized by ICE and he has been duly empowered to sign and submit it on behalf of ICE

There being no just reason for delay, the Clerk of the Court is hereby directed to enter forthwith this Consent Order of Permanent Injunction and Other Equitable Relief.

Done and ordered on this **14th** day of **Sept**, 2006, at New York, New York

RICHARD CONWAY CASEY    Hon. Richard M. Berman
United States District Judge
Southern District of New York

18

FEB-27-2007  14:23      SCHOEPPL BURKE PA            5613943121      P.02/02
NOV 16 2006 21:55 FR CFTC                      TO 15613943121      P.21/20

Consented to and approved for entry by:

Dated: ~~November~~ February 7, 2007

*Approved as to Form*

Carl F. Schoepp

Carl F. Schoeppl, Esquire
Schoeppl & Burke, P.A.
4651 North Federal Highway
Boca Raton, FL 33431-5133
Attorneys for Defendants International Currency
Exchange, Inc., John Aucella and Eugene Aucella


Dated: November_____, 2006

Vivian R. Drohan, Esquire
Drohan & Drohan LLP
One Penn Plaza, 24th Floor
New York, NY 10119
Attorneys for Defendant Michael Cottec


Dated: November_____, 2006

Michael Cottec


Dated: November _____, 2006

John Aucella


Dated: ~~November~~ JAN 25, ~~2006~~ 7

Eugene Aucella


Dated: November _____, ~~2006~~ JAN 25 7

Eugene Aucella on behalf of International
Currency Exchange, Inc.


Dated: ~~November~~ March 23, 2007

Nathan B. Ploener [NP 9459]
Senior Trial Attorney
Manal Sultan [MS 8068]
Chief Trial Attorney
U.S. COMMODITY FUTURES TRADING
COMMISSION
140 Broadway, 19th Floor
New York, New York 10005
Attorneys for Plaintiff

19

TOTAL P.02

FEB-27-2007   12:42      SCHOEPPL BURKE PA                    5613943121      P.20/26
NOV 16 2006 21:55 FR CFTC                        TO 15613943121        P.21/20

Consented to and approved for entry by:

Dated: ~~November~~ _____, ~~2006~~      February 27, 2007
                                          CFS
        Approved as to form.
                     CFS

                                          *Carl F. Schoeppl*

                                          Carl F. Schoeppl, Esquire
                                          Schoeppl & Burke, P.A.
                                          4651 North Federal Highway
                                          Boca Raton, FL 33431-5133
                                          Attorneys for Defendants International Currency
                                          Exchange, Inc., John Aucella and Eugene Aucella


Dated: November_____, 2006

                                          Vivian R. Drohan, Esquire
                                          Drohan & Drohan LLP
                                          One Penn Plaza, 24th Floor
                                          New York, NY 10119
                                          Attorneys for Defendant Michael Cottec


Dated: November_____, 2006

                                          Michael Cottec

                                          *John Aucella*

~~Dated: November _____, 2006~~          John Aucella
Fch 2, 2007   JRA


Dated: November _____, 2006

                                          Eugene Aucella


Dated: November _____, 2006

                                          Eugene Aucella on behalf of International
                                          Currency Exchange, Inc.


Dated: November _____, 2006

                                          Nathan B. Ploener [NP 9459]
                                          Senior Trial Attorney
                                          Manal Sultan [MS 8068]
                                          Chief Trial Attorney
                                          U.S. COMMODITY FUTURES TRADING
                                          COMMISSION
                                          140 Broadway, 19th Floor
                                          New York, New York 10005
                                          Attorneys for Plaintiff

19

Jan 04 07 10:57a      Drohan & Drohan                    5183926076              p.2

Consented to and approved for entry by:

Dated: November _____, 2006

_____
Carl F. Schoeppl, Esquire
Schoeppl & Burke, P.A.
4651 North Federal Highway
Boca Raton, FL 33431-5133
Attorneys for Defendants International Currency
Exchange, Inc., John Aucella and Eugene Aucella

Dated: November_____, 2006

_____
Vivian R. Drohan, Esquire
Drohan & Drohan LLP
One Penn Plaza, 24th Floor
New York, NY 10119
Attorneys for Defendant Michael Cottec

_____
Michael Cottec

Dated: November_____, 2006

Dated: November _____, 2006

_____
John Aucella

Dated: November _____, 2006

_____
Eugene Aucella

Dated: November _____, 2006

_____
Eugene Aucella on behalf of International
Currency Exchange, Inc.

Dated: November _____, 2006

_____
Nathan B. Plocmer [NP 9459]
Senior Trial Attorney
Manal Sultan [MS 8068]
Chief Trial Attorney
U.S. COMMODITY FUTURES TRADING
COMMISSION
140 Broadway, 19th Floor
New York, New York 10005
Attorneys for Plaintiff

19

Customers Introduced by International Currency Exchange (ICE), Cleared by Worldwide Clearing LLC - Summary
For the months November 2004 through July 2005

| # | State | Customer's Name | | Account # | Months Open | | Cash In | Cash Out | Net Open Position | Net Gain or (Loss) |
|---|-------|--------|---------|-----------|------|-----|---------|----------|-------------------|--------------------|
| | | (Last) | (First) | | From | To | | | | |
| 1 | NJ | Parks | Gary R | 620001 | 11/30/04 | 2/28/05 | $2,000.00 | ($880.00) | $0.00 | ($1,120.00) |
| 2 | CA | Dubas | Terry | 620002 | 11/30/04 | 2/28/05 | $5,300.00 | ($1,000.00) | $0.00 | ($4,300.00) |
| 3 | NJ | Coyle | Joseph P Admin Est Mark D Coyle | 620003 | 11/30/04 | 3/31/05 | $24,625.00 | ($14,345.00) | $0.00 | ($10,280.00) |
| 4 | TX | Rambo | Dennis J | 620004 | 11/30/04 | 3/31/05 | $38,300.00 | ($15,365.00) | $0.00 | ($22,935.00) |
| 5 | MN | Hendrickson | Austin P | 620005 | 11/30/04 | 3/31/05 | $5,000.00 | ($530.00) | $0.00 | ($4,470.00) |
| 6 | NY | Hidalgo | Michael | 620006 | 11/30/04 | 3/31/05 | $3,300.00 | ($1,230.00) | $0.00 | ($2,070.00) |
| 7 | MO | Henderson | Lawrence | 620007 | 11/30/04 | 2/28/05 | $31,900.00 | ($1,955.00) | $0.00 | ($29,945.00) |
| 8 | Canada | Harris | Lloyd E | 620008 | 11/30/04 | 4/30/05 | $48,600.00 | ($2,290.00) | $0.00 | ($46,310.00) |
| 9 | TX | Lofgren | George A | 620009 | 11/30/04 | 2/28/05 | $13,120.00 | ($8,015.00) | $0.00 | ($5,105.00) |
| 10 | AL | Koch | Daniel L | 620010 | 11/30/04 | 3/31/05 | $14,850.00 | ($210.00) | $0.00 | ($14,640.00) |
| 11 | PA | Ebersole | Kevin L | 620011 | 11/30/04 | 3/31/05 | $6,190.00 | $0.00 | $0.00 | ($6,190.00) |
| 12 | CA | Avery | Mikel K | 620012 | 11/30/04 | 3/31/05 | $6,000.00 | ($40.00) | $0.00 | ($5,960.00) |
| 13 | IL | Luzzo | Ronald & Ivelise | 620013 | 11/30/04 | 1/31/05 | $5,200.00 | $0.00 | $0.00 | ($5,200.00) |
| 14 | GA | Barker | Harold E | 620014 | 11/30/04 | 3/31/05 | $5,100.00 | $0.00 | $0.00 | ($5,100.00) |
| 15 | DC | Blakeney | Joe L | 620017 | 12/31/04 | 3/31/05 | $3,200.00 | ($50.00) | $0.00 | ($3,150.00) |
| 16 | WY | Shuck | Ralph L | 620018 | 12/31/04 | 3/31/05 | $27,700.00 | ($300.00) | $0.00 | ($27,400.00) |
| 17 | FL | Johnston | Larry | 620019 | 12/31/04 | 3/31/05 | $13,840.00 | ($2,880.00) | $0.00 | ($10,960.00) |

Exhibit 1

Customers Introduced by International Currency Exchange (ICE), Cleared by Worldwide Clearing LLC - Summary
For the months November 2004 through July 2005

| # | State | Customer's Name (Last) | (First) | Account # | Months Open From | To | Cash In | Cash Out | Net Open Position | Net Gain or (Loss) |
|---|---|---|---|---|---|---|---|---|---|---|
| 18 | CA | Baunis | Toomas Riho | 620020 | 12/31/04 | 2/28/05 | $5,250.00 | $0.00 | $0.00 | ($5,250.00) |
| 19 | TN | Schumacher | Kim J | 620021 | 12/31/04 | 2/28/05 | $5,000.00 | $0.00 | $0.00 | ($5,000.00) |
| 20 | IN | Blasing | Howard W | 620022 | 12/31/04 | 2/28/05 | $8,450.00 | $0.00 | $0.00 | ($8,450.00) |
| 21 | Canada | Catherwood | C Reginald | 620023 | 12/31/04 | 2/28/05 | $4,610.00 | ($995.00) | $0.00 | ($3,615.00) |
| 22 | AL | Graves | Benjamin B | 620024 | 12/31/04 | 3/31/05 | $10,650.56 | ($0.56) | $0.00 | ($10,650.00) |
| 23 | FL | Hill | Joseph D | 620025 | 12/31/04 | 3/31/05 | $19,760.00 | ($3,280.00) | $0.00 | ($16,480.00) |
| 24 | Canada | Klassen | Bill | 620026 | 12/31/04 | 3/31/05 | $6,984.00 | $0.00 | $0.00 | ($6,984.00) |
| 25 | KS | Hawk | Richard C | 620027 | 12/31/04 | 2/28/05 | $17,625.00 | ($11,645.00) | $0.00 | ($5,980.00) |
| 26 | MD | Okumura | Ryan | 620028 | 12/31/04 | 2/28/05 | $6,180.00 | ($1,040.00) | $0.00 | ($5,140.00) |
| 27 | NJ | Testino | Steven C | 620029 | 12/31/04 | 5/31/05 | $6,902.24 | ($88.17) | $0.00 | ($6,814.07) |
| 28 | TN | Hofmeister | Daniel V | 620030 | 12/31/04 | 2/28/05 | $37,066.00 | ($21,116.00) | $0.00 | ($15,950.00) |
| 29 | IL | Elliott | C M | 620031 | 12/31/04 | 3/31/05 | $3,210.00 | $0.00 | $0.00 | ($3,210.00) |
| 30 | VA | Horvath | John A | 620032 | 12/31/04 | 3/31/05 | $10,905.00 | ($85.00) | $0.00 | ($10,820.00) |
| 31 | NJ | Alappatt | Joy | 620033 | 12/31/04 | 5/31/05 | $15,710.00 | ($110.00) | $0.00 | ($15,600.00) |
| 32 | CA | Blasdel | Kerry | 620034 | 12/31/04 | 3/31/05 | $5,050.00 | $0.00 | $0.00 | ($5,050.00) |
| 33 | NC | Stephens | Franda | 620035 | 12/31/04 | 4/30/05 | $14,980.00 | $0.00 | $0.00 | ($14,980.00) |
| 34 | NJ | Amin | Ferouz | 620036 | 12/31/04 | 3/31/05 | $3,200.00 | ($110.00) | $0.00 | ($3,090.00) |
| 35 | IN | Willis | Wn Gerald | 620037 | 12/31/04 | 3/31/05 | $19,980.00 | ($6,390.00) | $0.00 | ($13,590.00) |

Exhibit 1

Customers Introduced by International Currency Exchange (ICE), Cleared by Worldwide Clearing LLC - Summary
For the months November 2004 through July 2005

| # | State | Customer's Name | | Account # | Months Open | | Cash In | Cash Out | Net Open Position | Net Gain or (Loss) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | (Last) | (First) | | From | To | | | | |
| 36 | OK | Tipton | Lynn P | 620038 | 12/31/04 | 2/28/05 | $8,430.00 | ($830.00) | $0.00 | ($7,600.00) |
| 37 | VA | Simmons | Howard | 620039 | 12/31/04 | 3/31/05 | $3,330.00 | $0.00 | $0.00 | ($3,330.00) |
| 38 | Canada | Sharp | Laverne Charlotte Maisie | 620040 | 12/31/04 | 3/31/05 | $2,485.00 | ($5.00) | $0.00 | ($2,480.00) |
| 39 | TX | Mason | Thomas G | 620041 | 12/31/04 | 3/31/05 | $3,210.00 | $0.00 | $0.00 | ($3,210.00) |
| 40 | WV | Carter | Tad S | 620042 | 12/31/04 | 3/31/05 | $5,500.00 | ($100.00) | $0.00 | ($5,400.00) |
| 41 | Canada | Dwyer | Arvilla L | 620043 | 12/31/04 | 3/31/05 | $4,140.00 | ($1,290.00) | $0.00 | ($2,850.00) |
| 42 | MA | Singh | Inderpreet | 620044 | 12/31/04 | 3/31/05 | $5,600.00 | $0.00 | $0.00 | ($5,600.00) |
| 43 | AZ | Martin | Stephen L | 620045 | 12/31/04 | 3/31/05 | $20,000.00 | ($10,100.00) | $0.00 | ($9,900.00) |
| 44 | ID | Blair | Bruce J | 620046 | 12/31/04 | 2/28/05 | $7,635.00 | ($4,515.00) | $0.00 | ($3,120.00) |
| 45 | MI | Kane | Sean Bernard | 620047 | 01/31/05 | 3/31/05 | $5,000.00 | ($50.00) | $0.00 | ($4,950.00) |
| 46 | Canada | Grande | Gregory | 620048 | 01/31/05 | 3/31/05 | $18,720.00 | ($120.00) | $0.00 | ($18,600.00) |
| 47 | MA | Smith | Sally | 620049 | 01/31/05 | 2/28/05 | $4,450.00 | ($490.00) | $0.00 | ($3,960.00) |
| 48 | NJ | Wasserman | David A | 620050 | 01/31/05 | 4/29/05 | $13,810.00 | ($370.00) | $0.00 | ($13,440.00) |
| 49 | OH | Johnson | Betty S | 620051 | 01/31/05 | 3/31/05 | $5,600.00 | ($150.00) | $0.00 | ($5,450.00) |
| 50 | GA | Hawthorne | Anthony & Patricia | 620052 | 01/31/05 | 3/31/05 | $2,000.00 | ($40.00) | $0.00 | ($1,960.00) |
| 51 | NE | Clark | Kenneth & Mary | 620053 | 01/31/05 | 3/31/05 | $31,900.00 | ($290.00) | $0.00 | ($31,610.00) |
| 52 | NY | Neumann | Julius G | 620054 | 01/31/05 | 3/31/05 | $14,500.00 | ($60.00) | $0.00 | ($14,440.00) |

Exhibit 1

Customers Introduced by International Currency Exchange (ICE), Cleared by Worldwide Clearing LLC - Summary
For the months November 2004 through July 2005

| # | State | Customer's Name | | Account | Months Open | | Cash In | Cash Out | Net Open | Net Gain |
|---|-------|---------|---------|---------|------|------|---------|----------|----------|-----------|
| | | (Last) | (First) | # | From | To | | | Position | or (Loss) |
| 53 | CO | Titoni | Rodney W | 620055 | 01/31/05 | 5/31/05 | $10,540.00 | ($2,500.00) | $0.00 | ($8,040.00) |
| 54 | OH | Atwood | Howard | 620056 | 01/31/05 | 2/28/05 | $21,000.00 | $0.00 | $0.00 | ($21,000.00) |
| 55 | OH | Hebbard | Frederick W | 620057 | 01/31/05 | 7/31/05 | $62,105.36 | ($17.30) | $0.00 | ($62,088.06) |
| 56 | AL | Employee | Benefit Concepts, Inc. | 620058 | 01/31/05 | 4/29/05 | $10,000.00 | ($70.00) | $0.00 | ($9,930.00) |
| 57 | Canada | Pierre | Marcel & Lorraine Ellen Capelle | 620059 | 01/31/05 | 4/30/05 | $5,110.00 | $0.00 | $0.00 | ($5,110.00) |
| 58 | Canada | Anderson | Kenneth A | 620060 | 01/31/05 | 4/29/05 | $3,200.00 | ($210.00) | $0.00 | ($2,990.00) |
| 59 | Canada | Minhas | Bhupinder | 620061 | 01/31/05 | 6/30/05 | $16,511.50 | ($1,071.51) | $0.00 | ($15,439.99) |
| 60 | CA | Morrone | Mark G | 620062 | 01/31/05 | 3/31/05 | $8,710.00 | ($4,450.00) | $0.00 | ($4,260.00) |
| 61 | LA | Hamilton | David R | 620063 | 01/31/05 | 7/29/05 | $8,600.00 | ($260.00) | $0.00 | ($8,340.00) |
| 62 | NJ | Garozzo | Robert | 620064 | 01/31/05 | 4/29/05 | $5,100.00 | ($290.00) | $0.00 | ($4,810.00) |
| 63 | OR | Fuller | Alonzo Edward | 620065 | 01/31/05 | 5/31/05 | $3,510.00 | ($90.00) | $0.00 | ($3,420.00) |
| 64 | MA | Buchanan | William | 620066 | 01/31/05 | 3/31/05 | $78,636.00 | ($70,036.00) | $0.00 | ($8,600.00) |
| 65 | SD | Miller | Scott Jason | 620067 | 01/31/05 | 4/29/05 | $12,830.00 | ($1,350.00) | $0.00 | ($11,480.00) |
| 66 | IL | Boomsma | Melvin | 620068 | 01/31/05 | 5/31/05 | $5,000.00 | ($360.00) | $0.00 | ($4,640.00) |
| 67 | MT | Dwight | Rose | 620070 | 02/28/05 | 4/29/05 | $2,500.00 | ($20.00) | $0.00 | ($2,480.00) |
| 68 | GA | Kernaghan | Lynne M | 620071 | 02/28/05 | 4/29/05 | $6,530.00 | ($990.00) | $0.00 | ($5,540.00) |
| 69 | MA | Desrochers | Gail | 620072 | 02/28/05 | 5/31/05 | $22,427.16 | $0.00 | $0.00 | ($22,427.16) |

Exhibit 1

Customers Introduced by International Currency Exchange (ICE), Cleared by Worldwide Clearing LLC - Summary
For the months November 2004 through July 2005

| # | State | Customer's Name (Last) | (First) | Account # | Months Open From | To | Cash In | Cash Out | Net Open Position | Net Gain or (Loss) |
|---|---|---|---|---|---|---|---|---|---|---|
| 70 | IN | Howard | Robert E | 620073 | 02/28/05 | 4/29/05 | $19,701.69 | $0.00 | $0.00 | ($19,701.69) |
| 71 | Canada | Cote | Venence | 620074 | 02/28/05 | 5/31/05 | $10,750.00 | $0.00 | $0.00 | ($10,750.00) |
| 72 | AZ | Knowlton | Kenneth S | 620075 | 02/28/05 | 8/19/05 | $51,136.29 | ($9.58) | $0.00 | ($51,126.71) |
| 73 | FL | Cirell | Frank | 620076 | 02/28/05 | 5/31/05 | $2,820.00 | $0.00 | $0.00 | ($2,820.00) |
| 74 | Canada | Mohammad Abbas | | 620077 | 02/28/05 | 3/31/05 | $5,100.00 | ($5,300.00) | $0.00 | $200.00 |
| 75 | FL | Douglass | Spencer G | 620078 | 02/28/05 | 6/30/05 | $10,000.00 | ($3,950.00) | $0.00 | ($6,050.00) |
| 76 | Canada | Wootton | John Stuart | 620079 | 02/28/05 | 6/30/05 | $10,532.27 | $0.00 | $0.00 | ($10,532.27) |
| 77 | TX | Selman | Ted | 620080 | 02/28/05 | 4/29/05 | $5,000.00 | ($150.00) | $0.00 | ($4,850.00) |
| 78 | MI | Hespen | Candace M | 620081 | 02/28/05 | 7/29/05 | $7,110.00 | ($56.49) | $160.12 | ($6,893.39) |
| 79 | NJ | Admani | Mohammad A | 620082 | 03/31/05 | 5/31/05 | $8,785.06 | $0.00 | $0.00 | ($8,785.06) |
| 80 | AR | Gardner Sr. | Keith Revocable Trust | 620083 | 02/28/05 | 5/31/05 | $16,900.00 | $0.00 | $0.00 | ($16,900.00) |
| 81 | Canada | Henry | Kathyn E | 620084 | 03/31/05 | 5/31/05 | $4,999.95 | $0.00 | $0.00 | ($4,999.95) |
| 82 | CO | Koenig | Albert P & Monika W | 620085 | 03/31/05 | 5/31/05 | $9,470.00 | $0.00 | $0.00 | ($9,470.00) |
| 83 | Canada | Henderson | Ross L | 620086 | 03/31/05 | 7/29/05 | $7,045.36 | ($467.30) | $0.00 | ($6,578.06) |
| 84 | NY | Young | Marietta | 620087 | 03/31/05 | 5/31/05 | $5,000.00 | ($150.00) | $0.00 | ($4,850.00) |
| 85 | TX | Strawn | Carl | 620088 | 03/31/05 | 5/31/05 | $7,790.86 | ($71.50) | $0.00 | ($7,719.36) |
| 86 | IL | DeKezel | Thomas | 620089 | 03/31/05 | 5/31/05 | $5,100.00 | $0.00 | | ($5,100.00) |

Exhibit 1

Customers Introduced by International Currency Exchange (ICE), Cleared by Worldwide Clearing LLC - Summary
For the months November 2004 through July 2005

| # | State | Customer's Name | | Account | Months Open | | Cash In | Cash Out | Net Open | Net Gain |
|---|-------|-----------------|---|---------|-------------|---|---------|----------|----------|----------|
| | | (Last) | (First) | # | From | To | | | Position | or (Loss) |
| 87 | CA | Branchini | Ricky | 620090 | 03/31/05 | 5/31/05 | $23,020.00 | ($11,270.00) | $0.00 | ($11,750.00) |
| 88 | UT | Namvar | Taghipour | 620091 | 03/31/05 | 5/31/05 | $5,000.00 | ($100.00) | $0.00 | ($4,900.00) |
| 89 | OH | Dozier | Timothy L | 620092 | 03/31/05 | 5/31/05 | $5,100.00 | $0.00 | $0.00 | ($5,100.00) |
| 90 | Canada | Catracchia | Gloria | 620093 | 03/31/05 | 5/31/05 | $13,828.14 | ($2.59) | $0.00 | ($13,825.55) |
| 91 | IN | Smith | Johnny E | 620094 | 03/31/05 | 5/31/05 | $5,100.00 | $0.00 | $0.00 | ($5,100.00) |
| 92 | AZ | Allyn | Jason & Anne Boatman | 620095 | 03/31/05 | 5/31/05 | $10,000.00 | $0.00 | $0.00 | ($10,000.00) |
| 93 | CT | Provino | Lisa | 620096 | 03/31/05 | 5/31/05 | $3,200.00 | ($80.00) | $0.00 | ($3,120.00) |
| 94 | CA | York | Bradley W | 620097 | 03/31/05 | 7/29/05 | $57,219.58 | $0.00 | $0.00 | ($57,219.58) |
| 95 | FL | Dukes | Kenneth N | 620098 | 03/31/05 | 6/30/05 | $3,200.00 | $0.00 | $0.00 | ($3,200.00) |
| 96 | FL | Lloyd | Norman | 620099 | 03/31/05 | 7/29/05 | $6,583.41 | $0.00 | $0.00 | ($6,583.41) |
| 97 | WI | Littlejohn | Eliot | 620100 | 03/31/05 | 4/29/05 | $5,788.06 | ($17.13) | $0.00 | ($5,770.93) |
| 98 | NC | Leggett | Clayton | 620101 | 03/31/05 | 5/31/05 | $5,000.00 | ($50.00) | $0.00 | ($4,950.00) |
| 99 | CA | Franklin | Michael D | 620102 | 03/31/05 | 7/29/05 | $5,630.00 | $0.00 | $0.00 | ($5,630.00) |
| 100 | GA | Dotson | Charles M | 620104 | 04/29/05 | 7/29/05 | $7,286.54 | ($2,183.39) | $53.37 | ($5,049.78) |
| 101 | Canada | Kolacz | Ryszard | 620105 | 04/29/05 | 7/29/05 | $6,125.64 | ($6.14) | $0.00 | ($6,119.50) |
| 102 | Canada | Mahmoud-Ahmed | Ashraf S | 620106 | 04/29/05 | 7/29/05 | $10,410.00 | $0.00 | $0.00 | ($10,410.00) |
| 103 | MA | Ferri | Richard | 620107 | 04/29/05 | 8/5/05 | $22,595.54 | $0.00 | $0.00 | ($22,595.54) |

Exhibit 1

Customers Introduced by International Currency Exchange (ICE), Cleared by Worldwide Clearing LLC - Summary
For the months November 2004 through July 2005

| # | State | Customer's Name | | Account # | Months Open | | Cash In | Cash Out | Net Open Position | Net Gain or (Loss) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | (Last) | (First) | | From | To | | | | |
| 104 | MN | Struzyk | Steven | 620109 | 04/29/05 | 5/31/05 | $7,921.14 | ($2.28) | $0.00 | ($7,918.86) |
| 105 | GA | Joseph | Michael R | 620110 | 04/29/05 | 7/29/05 | $14,500.00 | ($200.00) | $1,570.00 | ($12,730.00) |
| 106 | FL | Madison | James | 620112 | 05/31/05 | 8/19/05 | $4,970.46 | $0.00 | $0.00 | ($4,970.46) |
| 107 | MD | Caudevilla | Manuel | 620113 | 05/31/05 | 7/29/05 | $15,273.20 | $0.00 | $0.00 | ($15,273.20) |
| 108 | UT | Lucas | Max R & Sandra | 620114 | 05/31/05 | 7/29/05 | $5,150.00 | $0.00 | $0.00 | ($5,150.00) |
| 109 | NJ | Vaid | Rajeev | 620115 | 05/31/05 | 7/29/05 | $2,000.00 | ($20.00) | $0.00 | ($1,980.00) |
| 110 | Canada | DeSouza | Mel | 620116 | 05/31/05 | 8/19/05 | $5,000.00 | $0.00 | $0.00 | ($5,000.00) |
| 111 | Canada | Schubert | Peter | 620117 | 05/31/05 | 7/29/05 | $3,188.00 | ($68.00) | $420.00 | ($2,700.00) |
| 112 | Canada | Mah | Cedar | 620118 | 05/31/05 | 7/29/05 | $5,486.46 | ($16.59) | $1,280.52 | ($4,189.35) |
| 113 | Canada | Mrotek | Molly M | 620119 | 05/31/05 | 8/15/05 | $103,363.27 | ($63,259.11) | $0.00 | ($40,104.16) |
| 114 | AL | Sims | Joe R | 620120 | 05/31/05 | 7/29/05 | $8,030.00 | ($58.32) | $1,040.46 | ($6,931.22) |
| 115 | MI | Kypros | George P | 620121 | 05/31/05 | 7/29/05 | $15,229.03 | ($9,194.99) | $0.00 | ($6,034.04) |
| 116 | OR | Rauschning | Paul F H | 620122 | 05/31/05 | 7/29/05 | $3,000.00 | ($150.00) | $577.50 | ($2,272.50) |
| 117 | Canada | Percy | Douglas G | 620126 | 06/30/05 | 7/29/05 | $5,000.00 | ($50.00) | $2,050.00 | ($2,900.00) |
| Grand Totals | | | | | | | $1,474,797.77 | ($290,957.95) | $7,151.97 | ($1,176,687.85) |

Exhibit 1